**Edgar McDONALD, et al.**

v.

**Richard PULLEN, et al.**

Supreme Judicial Court of Maine.

Argued May 9, 1989.
Decided June 28, 1989.

Anthony P. Shusta, II (orally), Corson & Shusta, Madison, for plaintiffs.

Jeffrey P. Towne (orally), Waterville, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendants, Richard Pullen, Richard Larochelle and Marie Larochelle, appeal from a judgment of the Superior Court (Somerset County, *Alexander, J.*) entered December 19, 1988, on a jury verdict awarding damages to the plaintiffs, Edgar McDonald and Ann M. McDonald. Because we hold that the judgment entered on June 30, 1987 was a final judgment and the only issues raised by the defendants on this appeal arise from and are precluded by that final judgment, we affirm the judgment.

By the plaintiffs' amended complaint against the defendants, they sought, *inter alia,* to reformation of the deed to certain property located in the town of Moscow and damages for the alleged trespass by Pullen and for the plaintiffs' emotional distress. Following the entry of a default judgment against Pullen, the trial court issued a proposed order providing, *inter alia,* for the reformation of the deed in accordance with the plaintiffs' request and providing that the issue of the plaintiffs' damages be set for a trial. The defendants filed an objection to the proposed order on the ground that the court could not order a reformation of the deed without a jury trial to determine the location of the boundary lines of the property on the face of the earth. After a hearing on the defendants' objection to the proposed order, a final judgment against the defendants, in accordance with the proposed order, was entered on June 30, 1987, pursuant to M.R. Civ.P. 54(b) (provision for entry of final judgment on fewer than all claims upon express determination there is no just reason for delay and express direction for entry of judgment). The defendants filed a notice of appeal from this judgment on December 24, 1987. On February 22, 1988, we granted the plaintiffs' motion to dismiss the defendants' appeal. On May 10, 1988, the Larochelles filed a motion for clarification of the judgment or, alternatively, for relief from judgment. This motion was scheduled for hearing on August 1, 1988. After a hearing, the trial court, by order dated August 2, 1988, denied the motion. The defendants did not appeal from this order. *See* R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 60.1 (Supp. 1981). Following a jury trial on the issue of damages, a judgment awarding the plaintiffs damages was entered on December 19, 1988, and the defendants appeal from the judgment.

The defendants, however, do not challenge the judgment entered on December 19, 1988, but direct their contentions on this appeal to various challenges to the judgment entered on June 30, 1987. Because no issues are raised by the defendants' appeal that are not precluded from our consideration by the finality of the judgment entered on June 30, 1987 from which the defendants did not timely file an appeal, we affirm the judgment.

The entry is:

Judgment affirmed.

All concurring.